UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FIELD CALHOUN #124382      CIVIL ACTION NO. 18-cv-817 SEC P

VERSUS      CHIEF JUDGE HICKS

DARRELL VANNOY      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Field Calhoun ("Petitioner") was 17 years old when he committed a murder. A Caddo Parish jury returned a unanimous verdict of guilty of first-degree murder but could not agree on whether Petitioner should receive the death penalty or be sentenced to life imprisonment. The court declared a mistrial as to the sentencing hearing and imposed a mandatory sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Petitioner's conviction and sentence were affirmed on appeal. State v. Calhoun, 554 So.2d 127 (La. App. 2d Cir. 1989), writ denied, 558 So.2d 601 (La. 1990).

The Supreme Court later held that the constitution prohibits the imposition of a mandatory life without parole sentence on a juvenile offender. Petitioner filed a motion to correct an illegal sentence, and the state court resentenced him to life without benefit of probation or suspension of sentence, but possible eligibility for parole. Petitioner appealed and argued that he was entitled to a sentence of only 21 years because of constitutional defects in the new sentence and related laws. The state court rejected his arguments. State

v. Calhoun, 222 So.3d 903 (La. App. 2d Cir. 2017), writ denied, 241 So.3d 307 (La. 2018). Petitioner now seeks federal habeas corpus relief on the same grounds presented in his appeal. For the reasons that follow, it is recommended that his petition be denied.

**Background**

Susan Smith picked up her husband at the LSU Medical Center when he got off work around 1:30 a.m. They stopped at a grocery store on the way home. Mr. Smith stayed in the car, and Mrs. Smith went in the store. She purchased some items and received change for a $100 bill. As she left the store, Petitioner grabbed her, put a pistol to her head, and demanded that she give him her money. Mr. Smith got out of the car and asked Petitioner what he was doing. Petitioner backed up and fired two shots, both of which hit Mr. Smith and killed him. Petitioner and a friend ran from the scene.

Petitioner admitted at trial that he shot and killed Mr. Smith, but he claimed that he did not have specific intent to kill or inflict great bodily harm because he had been drinking since noon the prior day and had been using marijuana and cocaine. He claimed that he accidentally bumped into Mrs. Smith, causing his pistol to fall. Mrs. Smith began to scream, drawing Mr. Smith's attention, and Petitioner said he was only trying to stop Mr. Smith's advance when he fired at him. The jury apparently did not believe Petitioner's version and found him guilty of first-degree murder. He received a sentence of mandatory life without parole.

More than 25 years after the crime, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 132

S.Ct. 2455 (2012). Petitioner soon filed a pro se motion to correct an illegal sentence, arguing that his sentence was unconstitutional under Miller. He argued that he should receive no more than the maximum sentence that could be imposed for a responsive verdict to the most serious lesser included offense, attempted first-degree murder, which carried a sentence of 10 to 50 years. Tr. Vol. 16, pp. 3668-75. It appears that the district court did not rule on the motion.

The Supreme Court later held that Miller applies retroactively to defendants whose convictions and sentences were final prior to the Miller decision. Montgomery v. Louisiana, 136 S.Ct. 718 (2016). After Montgomery issued, attorney J. Ransdell Keene filed for Petitioner a motion to set aside and correct sentence. He argued that Petitioner should be resentenced under the manslaughter statute, based on an approach adopted by Louisiana courts in a similar situation. Tr. Vol. 17, pp. 3809-10. Manslaughter, at the relevant time, had a maximum sentence of 21 years.

In 2013, after Miller, the Louisiana legislature enacted La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) to address cases affected by Miller. Article 878.1 required courts to conduct a hearing in any case where an offender is to be sentenced to life imprisonment for first or second-degree murder where the offender was under the age of 18 at the time of the commission of the crime. The hearing would help the court determine whether the sentence should be imposed with or without parole eligibility pursuant to the provisions of La. R.S. 15:574.4(E). That statute, in turn, provided the conditions under which persons serving life sentences for first or second-degree murder committed under the age of 18 could become parole eligible.

The Louisiana Supreme Court originally held that the new sentencing statutes applied prospectively only. After <u>Montgomery</u> held that <u>Miller</u> was retroactive, the state supreme court was faced with determining how to provide a remedy for older cases such as this one. It held that, in the absence of legislative action, the 2013 enactments should be used for the resentencing hearings that must be conducted in such cases to determine whether the defendant will be granted or denied parole eligibility. <u>State v. Montgomery</u>, 194 So.3d 606 (La. 2016).

In October 2016, with the benefit of the above decisions, Judge Brady O'Callaghan held a hearing on Petitioner's motion to correct sentence. The State submitted the matter on no evidence. Defense counsel made argument that application of the statutes violated the Ex Post Facto Clause and that the only responsive verdict and sentence would be under the manslaughter statute. The court rejected the arguments and resentenced Petitioner to life imprisonment at hard labor without the possibility of probation or suspension of sentence, noting that parole eligibility would be determined by the Department of Corrections based on Section 574.4(E). Tr. Vol. 16, pp. 3700-09.

Petitioner and his counsel filed notices of appeal. Appointed appellate counsel filed an <u>Anders</u> brief, and Petitioner filed a pro se brief that asserted the four issues he presents in his habeas petition. Tr. Vol. 17, p. 3948. The appellate court issued a reasoned decision that affirmed the new sentence. Tr. Vol. 17, p. 3909-16. Petitioner filed a writ application to the Supreme Court of Louisiana that presented the same issues. Tr. Vol. 17, pp. 3918-38. The Supreme Court of Louisiana denied writs without comment. Tr. 3967.

**Petitioner's Burden**

The state appellate court squarely addressed the merits of each of Petitioner's issues. The Supreme Court of Louisiana gave no reasons for its writ denial, so this court must "look through" to the last state court decision that provided a relevant rationale and presume that the unexplained decision adopted the same reasoning. Wilson v. Sellers, 138 S.Ct. 1188 (2018). Because Petitioner's claims were adjudicated on the merits in state court, habeas relief is available only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Williams v. Taylor, 120 S.Ct. 1495, 1519-20 (2000). A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855, 1862 (2010). When a state court has denied a claim on the merits, the AEDPA bars habeas relief unless the prisoner shows that the state court "erred so transparently that no fairminded jurist could agree with that court's decision." Bobby v. Dixon, 132 S.Ct. 26, 27 (2011) (per curiam).

**Due Process; Fair Notice**

Petitioner makes two related arguments. First, he argues that he was not provided "fair notice" of the punishment he faced because, at the time of the offense, the only punishment available for his crime was death and life imprisonment without parole. Louisiana had no "life with parole" option, so the sentence he received in 2016 could not reasonably have been foreseen at the time of his criminal act. Petitioner concludes that the only option available was the imposition of the then 21-year maximum sentence for manslaughter that was on the books at the time of his crime. Petitioner makes a second and similar argument that the Due Process Clause is violated if a person is subjected to a sanction not provided for by legislative authority. He contends that the Louisiana Supreme Court's judicial remedy ordered on remand in Montgomery ran afoul of that requirement.

The state appellate court specifically listed these assignments of error (numbers 1 and 3) and set forth the basic arguments offered by Petitioner. The court then, in two paragraphs, rejected the claims because the second and third circuit courts of appeal had addressed and rejected similar claims that the application of the Louisiana statutes was unconstitutional. It added that access to the Board of Parole's consideration satisfied the mandates of Miller, there was no requirement for resentencing for a lesser offense, and the argument for resentencing under the manslaughter statute "has been rejected soundly in our state appellate courts." State v. Calhoun, 222 So.3d at 905-07.

Petitioner argues that the state appellate court did not address the merits of his due process claim, so that the AEDPA's deference is inapplicable. The appellate court may not have addressed the issue in as much detail as Petitioner desired, but it listed Petitioner's

assignment of error that the sentence was not allowed at the time of conviction, and it rejected the argument when it held that the application of the new legislation was not unconstitutional. The AEDPA applies here because "Section 2254(d) applies even where there has been a summary denial." Cullen v. Pinholster, 131 S.Ct. 1388, 1402 (2011). "There is no text in the statute requiring a statement of reasons" by the state court. Harrington v. Richter, 131 S.Ct. 770, 784 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786, quoting Yarborough v. Alvarado, 124 S.Ct. 2140 (2004).

Petitioner has not pointed to any Supreme Court decisions that clearly establish that any requirement of fair notice or principle of due process was violated by the remedy he was afforded to correct a constitutional error in his sentence. The elements of the crime for which Petitioner was convicted have not changed, and the Supreme Court in Montgomery stated that such a remedy was allowed:

> Giving Miller retroactive effect, moreover, does not required States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.

Montgomery, 136 S.Ct. at 736. Petitioner received a hearing, at which he was represented by counsel, and he received the full benefit of Miller and Montgomery.

Federal district courts have rejected Petitioner's fair notice and due process arguments when presented in habeas petitions. See, e.g., Comeaux v. LeBlanc, 2020 WL 1934635, *4 (W.D. La. 2020); Looney v. Vannoy, 2019 WL 6034957, *3 (W.D. La. 2019;

and Jackson v. Vannoy, 2019 WL 4145727 (W.D. La. 2019). The petitioner in Jackson applied to the Fifth Circuit for a COA, and Judge Higginson issued a detailed order that explained why the petitioner had not made a showing of a debatable issue that warranted full consideration by the court. The opinion addressed at length the first two issues, lack of legislative authorization and fair notice, and ultimately found that the issues were moot because in August 2017, the Louisiana legislature amended the statutes at issue to make them retroactive. Thus, regardless of any defects in resentencing that occurred before then, the current, retroactive versions of Article 878.1 and Section 15:574.4 enacted by the legislature require that he receive the exact same sentence and consideration for parole eligibility.[1] The new legislation states that it is "notwithstanding any provision of law to the contrary," so even though the first or second-degree murder statute under which the petitioner was convicted did not itself authorize a modified sentence, this separate, overriding and retroactive provision now does. Accordingly, these two arguments are moot. Jackson, 981 F.3d at 415-17.

The state court denied Petitioner's first two arguments on the merits. Petitioner has not demonstrated that the state court's adjudication of the claims was contrary to, or an unreasonable application of, clearly established federal Supreme Court precedent. The

---

[1] "Effective August 1, 2017 … the Louisiana Legislature added retroactive provisions to La. R.S. 15:574.4 and La. C.Cr.P. art. 878.1, which allow juveniles convicted of murder to obtain parole in accordance with the conditions and requirements set forth therein" and "reduced the required time a juvenile must serve before becoming eligible for parole from 35 years to 25 years." State v. Clark, 306 So. 3d 619 (La. App. 5th Cir. 2020), writ denied, 310 So. 3d 1150 (La. 2021).

Fifth Circuit's recent denial of a COA in <u>Jackson,</u> where substantially similar claims were at issue, lends considerable support for this conclusion.

**Ex Post Facto**

Petitioner next argues that the application of the new statutes to resentence him violated the Ex Post Facto Clause under the Fourteenth Amendment. The state appellate court stated that the focus of an ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. It rejected the claim because this situation did neither. <u>State v. Calhoun</u>, 222 So.3d at 907. This argument has also been rejected by federal district court decisions such as <u>Comeaux</u> and <u>Jackson</u>, cited above.

The ex post facto claim was also addressed in Judge Higginson's order. He stated that <u>Miller</u> and <u>Montgomery</u> necessitated a change in Louisiana's sentencing scheme. While the state court did retroactively apply the new sentencing scheme to the petitioner, it did not impose an increase in penalty or any other disadvantage. Quite the opposite, the petitioner benefitted by receiving a less burdensome life sentence that afforded the eligibility for parole consideration after 25 years. The Ex Post Facto Clause claim was, therefore, rejected. <u>Jackson</u>, 981 F.3d at 417. The state court's decision in this case with respect to the Ex Post Facto Clause claim does not, for the reasons set forth in <u>Jackson</u>, allow for habeas relief under Section 2254(d).

**Individualized Sentence**

Petitioner argues that <u>Miller</u> mandates an individualized sentence. The state court responded:

> To the extent the defendant argues that he was entitled to a hearing and the imposition of an individualized sentence, Miller imposed no such requirement in cases where parole eligibility was permitted. In Miller, the Supreme Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. See Miller, supra, 132 S.Ct. at 2463–69. The sole question to be answered in a Miller hearing is whether the defendant should have a chance for parole. The trial court granted defendant all to which he was entitled. The rest is up to him.

State v. Calhoun, 222 So.3d at 907.

Judge Higginson also addressed this issue. The petitioner in Jackson argued that his sentence was unconstitutionally disproportionate because Louisiana statutes contravene Miller and Montgomery "by refusing district courts any discretion to consider mitigating factors and impose individualized sentences less than life with the opportunity for parole." The petitioner demanded a resentencing that would take into account his life and characteristics. Jackson, 981 F.3d at 4017. Judge Higginson denied a COA on the claim because Miller did not disallow sentences of life *with* the opportunity for parole for a juvenile homicide offender. "Nor is it clearly established that courts must consider mitigating factors of youth before imposing such a sentence." Id. All that is clearly established is that a court must consider youth-related mitigating factors in a case in which it imposes a juvenile life without parole sentence. Id.

Petitioner's claim should be denied for the same reasons. He has not pointed to clearly established federal law, as decided by the Supreme Court, that would require the sort of individualized sentencing that he requests. Petitioner's sentence allowed for the

possibility of parole, so it is not clearly mandated that his youth must be considered in assessing the sentence. The state court's decision must withstand review under Section 2254(d) on this final issue.

Accordingly,

It is recommended that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court

to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2021.

Mark L. Hornsby
U.S. Magistrate Judge